UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAZIEN MCCULLOUGH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-874-GSL-JEM |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Razien McCullough, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, McCullough asserts that he was denied procedural rights in connection with a prison disciplinary hearing and seeks an order to vacate the disciplinary sanction of restitution. McCullough also challenged this prison disciplinary hearing and the sanction of loss of earned credit time through a federal habeas petition in Case No. 3:24-cv-639, but this challenge was ultimately unsuccessful. As a result, McCullough remains barred from proceeding on any allegations that, if proven true,

would undermine the validity of the finding of guilt at that disciplinary hearing. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (extending *Heck* to prison disciplinary proceedings).

The court further recognizes that the complaint might contain at least one allegation that relates to the restitution sanction that does not appear to undermine the finding of guilt. Specifically, McCullough alleges that the administrative record lacks any evidence that any restitution was warranted, such as the victim's medical bill. Here, the court notes that it denied a similar claim in which a prisoner asserted a procedural due process violation in connection with a disciplinary sanction of restitution at the screening stage in *Wilson v. Castaneda*, 3:22-cv-822 (N.D. Ind. filed Sept. 23, 2022). Wilson appealed that denial to the Seventh Circuit Court of Appeals where the appeal remains pending under Case No. 22-3028. Because the Seventh Circuit's ruling in *Wilson* seems likely to substantially clarify the relevant law in this case, the court will stay this case pending the Seventh Circuit's ruling in *Wilson v. Castaneda*, 22-3068.

As a final matter, McCullough seeks only injunctive relief, and the Warden of the Indiana State Prison in his official capacity is the proper defendant for such a claim. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Because McCullough does not assert any claims against Officer Smith, McCullough will not be permitted to proceed against him in this case.

For these reasons, the court:

(1) CONDITIONALLY GRANTS Razien McCullough leave to proceed on an injunctive relief claim against the Warden of the Indiana State Prison to remedy

2

violations of procedural due process in connection with the prison disciplinary sanction of restitution issued on November 11, 2022;

(2) DISMISSES Officer Smith;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Indiana State Prison at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 3); and

(5) STAYS this case pending the ruling of the Seventh Circuit Court of Appeals in *Wilson v. Castaneda*, 22-3068.

SO ORDERED on April 22, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

3