UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAZIEN MCCULLOUGH,

    Plaintiff,

        v.                        CAUSE NO. 3:24-CV-874-GSL-JEM

RON NEAL,

    Defendant.

## OPINION AND ORDER

Razien McCullough, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, McCullough seeks to challenge his prison disciplinary proceeding in Disciplinary Case No. ISP 22-11-39. In a prior order, the court found that McCullough could not proceed on most of his allegations, because, if proven true, they would undermine the validity of the hearing officer's determination of guilt in contravention of *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). ECF 9. It also noted that this court had denied habeas relief in connection with this disciplinary proceeding in

*McCullough v. Warden*, 3:24-cv-639 (N.D. Ind. filed Aug. 1, 2024). *Id.* Nevertheless, the court recognized that the complaint contained one claim relating to the restitution sanction that did not appear to undermine the finding of guilt. *Id.* Specifically, McCullough had alleged that the administrative record lacked evidence that a restitution sanction was warranted. *Id.* The court also noted a pending appellate decision in *Wilson v. Castaneda*, 22-3068 (7th Cir. filed No. 17, 2022), that seemed particularly likely to clarify the relevant law for this claim. *Id.* Consequently, the court conditionally granted McCullough leave to proceed on an injunctive relief claim against the Warden of the Indiana State Prison to remedy violations of procedural due process in connection with the prison disciplinary sanction of restitution. *Id.* The court then stayed this case pending the issuance of the *Wilson* appellate opinion. *Id.*

On July 15, 2025, the Seventh Circuit issued the opinion in *Wilson*, and entered its mandate on September 15, 2025. *Wilson v. Castaneda*, 22-3068 (7th Cir. filed No. 17, 2022). According to that opinion, Wilson was charged with battering another inmate and found guilty following a prison disciplinary hearing. *Wilson v. Castaneda*, 143 F.4th 814, 817 (7th Cir. 2025). He also received sanctions, including a restitution sanction that required him to pay "up to $100,000" for the medical costs of his victim. *Id.* In federal court, Wilson challenged that restitution sanction, arguing that no evidence supported it, but this court dismissed the case at the screening stage. *Id.* On appeal, the Seventh Circuit found that the "some evidence" standard that applied to findings of guilt in prison disciplinary proceedings also applied to restitution sanctions. *Id.* at 820. The Seventh Circuit further found that the evidence supporting the finding of guilt also

2

supported the imposition of the restitution sanction. *Id.* at 819. It specifically noted Wilson's statements, video evidence of the battery, and staff reports indicating that the victim had been taken to an outside hospital. *Id.* at 819-20. The Seventh Circuit found that Wilson was not entitled to victim's medical bill as exculpatory evidence because the bills would not tend to establish that he did not commit battery. *Id.* at 819. It found that a restitution sanction with a proffered estimate rather than a set amount also did not violate constitutional due process. *Id.* at 820.

McCullough's case bears a striking resemblance to *Wilson*. McCullough was similarly charged with battering another inmate, and correctional staff similarly sanctioned him with restitution in the estimated amount of $100,000.[1] The administrative record included McCullough's guilty plea, a video recording of the incident, statements that the victim had been taken to an outside hospital, and photographs of the victim's substantial injuries to the face and head. Consistent with *Wilson*, the court finds that some evidence supported the imposition of the restitution sanction and now declines to allow McCullough to proceed on an injunctive relief claim against the Warden of the Indiana State Prison to remedy violations of procedural due process in connection with the prison disciplinary sanction of restitution.

Review of the complaint further reveals that McCullough may have also intended to assert claims that he was improperly denied access to the victim's medical

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the evidentiary filings in *McCullough v. Warden*, 3:24-cv-639 (N.D. Ind. filed Aug. 1, 2024). While McCullough might reasonably dispute the accuracy of the disciplinary charges or findings, the court finds that the referenced matters are appropriate for judicial notice because McCullough cannot reasonably dispute what those charges or findings were nor what evidence was included in the administrative record.

bills or that the restitution sanction consisted of only an estimate rather than a set amount. However, such claims would also be foreclosed by *Wilson*.

In sum, the holdings of *Edwards v. Balisok*, 520 U.S. 641, 643 (1997), and *Wilson v. Castaneda*, 143 F.4th 814 (7th Cir. 2025), foreclose McCullough from obtaining relief under Section 1983 in connection with Disciplinary Case No. ISP 22-11-39. Therefore, the complaint does not plausibly state a claim upon which relief may be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

As a final matter, the court observes that, in the complaint, McCullough represents that he is illiterate and asks for an attorney. ECF 1 at 3. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

4

*Pruitt v. Mote*, 503 F.3d at 654. Courts may also consider "the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022). As detailed above, the court finds that the complaint does not state a plausible claim and that any amendment would be futile. As a result, the court denies the request for counsel.

For these reasons, the court:

(1) DENIES the request for counsel; and

(2) DISMISSES this case under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on October 15, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT